# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES VINCENT COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-0285-F |
| ) | |
| FNU LNU, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Charles Vincent Collins, a state prisoner proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction. Doc. no. 1. Petitioner's pleadings are liberally construed.

On April 7, 2021, Magistrate Judge Gary M. Purcell entered a Report and Recommendation (the Report, doc. no. 7), recommending the court dismiss the petition, without prejudice, based on petitioner's failure to exhaust state court remedies. This recommendation was made on initial screening under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner objected to the Report. Doc. no. 9. As required by 28 U.S.C. §636(b)(1), the court has reviewed the Report in its entirety and has reviewed all objected to matters *de novo*.

Petitioner seeks relief from his state court convictions and sentences[1] under McGirt v. State of Oklahoma, ___ U.S. ___, 140 S. Ct. 2452 (2020). He argues the

---

[1] The challenged convictions and sentences were entered in State v. Collins, Case No. CRF-1993-459, The District Court of Pottawatomie County, State of Oklahoma.

State of Oklahoma did not have jurisdiction over his criminal case because the underlying crimes were committed on Indian land and the victim was Indian. His petition acknowledges he has not raised a McGirt argument before a state court. Doc. no. 1, pp. 5-6 of 14.[2] His objection to the Report likewise concedes that he has not sought post-conviction relief in state court based on McGirt. His objection argues that doing so would be futile because the state court denied relief in earlier, post-conviction proceedings in which petitioner sought relief on other grounds. Petitioner argues "the State Court has no respect for the United States Constitution or their own rules of Post Conviction, and demonstrates that filing a second Post Conviction in exhaustion of my remedies would be futile." Doc. no. 9, p. 2 of 3.

In Crank v. Jenks, 224 Fed. Appx. 838 (10th Cir. 2007), unpublished, Mr. Crank argued it would be futile to file a state habeas petition.[3] The court of appeals denied a certificate of appealability, stating: "We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless." Id. at 839, quoting Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981).

Here, as in Crank, petitioner has not made an affirmative showing that a state habeas petition seeking relief based on McGirt would be futile. Accordingly, the court rejects petitioner's futility argument.

Having conducted *de novo* review of all objected to matters, petitioner's objections to the Report are **DENIED**. Doc. no. 9. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and

---

[2] This order cites documents by the electronic case filing (ecf) page numbers found at the top of each as-filed page.

[3] The federal district court dismissed the petition and denied a certificate of appealability (COA), finding that Mr. Crank had not exhausted his state remedies. Mr. Crank then sought a COA from the court of appeals. *Id*. at 839.

2

**AFFIRMED**. Doc. no 7. In accordance with the Report, the petition for habeas relief is **DISMISSED** without prejudice based on petitioner's failure to exhaust state court remedies. A certificate of appealability is **DENIED**.

    IT IS SO ORDERED this 27th day of April, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0285p001.docx